UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 14-14428-GAO

TRUSTIVO, LLC,
Plaintiff,

v.

ANTHEM, INC. f/k/a WELLPOINT, INC.,
Defendant.

OPINION AND ORDER
July 16, 2015

O'TOOLE, D.J.

Trustivo, LLC initially brought this action for breach of contract and related claims against Anthem, Inc. in the Massachusetts Superior Court, and Anthem removed the case on the basis of diversity jurisdiction under 28 U.S.C. § 1332. Anthem has moved to dismiss or stay this action and to compel Trustivo to submit its claims to arbitration.

**I.    Relevant Factual Background**

In 2012, Trustivo and Anthem[1] began negotiating for Trustivo to provide financial services to persons enrolled in Anthem-sponsored employee assistance programs. Eventually the parties agreed on the terms of a Master Services Agreement ("MSA") that outlined the general terms of the parties' relationship. The MSA did not spell out any particular work to be done by Trustivo, but rather contemplated that a separate Statement of Work ("SOW") would be agreed to setting forth what work Trustivo would perform on a particular project or projects. Both parties executed the MSA by causing electronic signatures to be affixed. Whether or not any SOW was agreed to

---

[1] At the time of the negotiations, Anthem was named WellPoint, Inc. This Order refers to the defendant as Anthem at all times for consistency.

(one was apparently negotiated but never signed) is a matter of dispute that is not germane to the present issue.

The executed MSA contained a detailed arbitration clause providing that "all disputes that arise from or relate to this Agreement shall be decided exclusively by binding, non-appealable arbitration in Marion County, Indiana under the JAMS Comprehensive Arbitration Rules." (MSA § 16.2.1, at 50 ("Binding Arbitration") (dkt. no. 1-1).)

After the MSA was executed, Anthem apparently had second thoughts about a business relationship with Trustivo. It refused to go forward with an SOW and notified Trustivo that it regarded the MSA to be "void."

## II.    Questions of Arbitrability

There is a strong federal policy in favor of arbitration, but the "gateway" question whether the parties had agreed to arbitrate a particular dispute is one for the courts to decide. Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 84 (2002) "[T]he court must resolve any issue that calls into question the formation or applicability of the specific arbitration clause that a party seeks to have the court enforce." Granite Rock Co. v. Int'l Bhd. of Teamsters, 561 U.S. 287, 297 (2010). A court should regard the arbitration clause as severable from the contract within which it appears and consider whether, regardless of any dispute about the binding nature of the contract as a whole, the parties nonetheless agreed on arbitration as a means of resolving such disputes. Id. at 299; see also Dialysis Access Center, LLC v. RMS Lifeline, Inc., 638 F.3d 367, 375-77 (1st Cir. 2011).

In its Complaint, Trustivo alleges that the parties entered into a binding agreement that comprised both the MSA executed by the parties and the unexecuted draft SOW. (Compl. ¶ 65, at 16 (dkt. no. 1-1).) The arbitration clause, as noted, is included in the MSA. Anthem, while disputing the binding force of the MSA as a whole, does not contest (indeed stands on) the

applicability of the arbitration clause to the parties' dispute. There is no question, then, that the parties agreed to the arbitration clause. Nor is there any question that the claims set forth in Trustivo's complaint "arise from or relate to" the MSA. (See MSA § 16.2.1, at 50 (dkt. no. 1-1).) Counts 1, 2, and 4 seek to enforce what Trustivo says was the parties' agreement; Count 3 alleges that Anthem made misrepresentations to Trustivo in the course of the negotiation of the agreement; and Count 5 asserts that Anthem is liable under Massachusetts General Laws Chapter 93A.

Trustivo's position is not that the parties never agreed to arbitration in their original negotiations regarding the MSA, but rather that Anthem has, by its conduct, waived its right to insist on arbitration under the parties' agreement. Typically, "the arbitrator should decide allegations of waiver, delay, or a like defense to arbitrability." Howsam, 537 U.S. at 84-85 (internal quotation marks and citation omitted); accord Sleeper Farms v. Agway, Inc., 506 F.3d 98, 103 (1st Cir. 2007) ("Waiver claims fall into this category of threshold issues for the arbitrator . . . .").

There is a limited exception to this principle. A party that initiates or participates in litigation of otherwise arbitrable claims may be found to have waived arbitration of those claims by its conduct. See Marie v. Allied Home Mortgage Corp., 402 F.3d 1, 12-14 (1st Cir. 2005). Anthem did not initiate this litigation and promptly moved to compel arbitration. This case is therefore quite unlike cases where a party participating substantively in litigation of a dispute belatedly claimed the benefit of an arbitration agreement. See, e.g., Joca-Roca Real Estate, LLC v. Brennan, 772 F.3d 945, 948 (1st Cir. 2014); Rankin v. Allstate Ins. Co., 336 F.3d 8, 14 (1st Cir. 2003); Menorah Ins. Co., Ltd. v. INX Reinsurance Corp., 72 F.3d 218, 221, 223 (1st Cir. 1995). Unlike the parties found to have waived arbitration in those cases through litigation conduct, Anthem promptly moved for arbitration once this suit was brought. The conditions for a judicial finding of waiver are not present in this case. Whether any non-litigation conduct on Anthem's

part would justify a finding of a waiver of arbitration is a matter that can be presented in arbitration. See Sleeper Farms, 506 F.3d at 103 (noting that waiver claims are to be determined in arbitration, with the exception of waiver claims based on litigation activity).

### III. Conclusion

For the foregoing reasons, Anthem's Motion to Dismiss or Stay and Compel Arbitration (dkt. no. 8) is GRANTED. This action is STAYED pending arbitration, to which the parties are directed.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge